Dieter C. Dammeier, SBN 188759
Diete@DammeierrLaw.com
**DAMMEIER LAW FIRM**
9431 Haven Avenue, Suite 232
Rancho Cucamonga, CA 91730
Telephone: (909) 240-9525
Facsimile: (909) 912-1901

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WALTERSCHEID and GEORGE FIERRO, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF EL MONTE, <br><br> Defendant. | Case No.: 5:18-cv-1112 <br><br> **FLSA COMPLAINT – 29 U.S.C. §§ 201 et seq.** |

## I.

## <u>JURISDICTION</u>

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the controversy arises under "the Constitution, laws or treatises of the United States." Specifically, the claim rises under the Fair Labor Standard Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), for which the Federal Courts have jurisdiction to enforce pursuant to 29 U.S.C. § 216.

## II.
## VENUE

2. Venue is proper in the Central District of California pursuant to 28 U.S.C. §1391(b) because the acts, events, or omissions given rise to the claim occurred in this District.

## III.
## PARTIES

3. Plaintiffs, ERIC WALTERSCHEID and GEORGE FIERRO, are United States citizens and currently employed as police officers with the Defendant City of El Monte.

4. Defendant, CITY OF EL MONTE ("Defendant" or "City"), is and at all relevant times was, the employer of Plaintiffs. Defendant is a political subdivision of the State of California. Defendant is an employer whose employees are engaged in commerce within the meaning of 29 U.S.C. §207(a) and as defined in 29 U.S.C. §§203(d) and 203(e)(2)(c).

## IV.
## FACTS

5. The City of El Monte and the bargaining units representing the City's employees, including the Plaintiffs, have entered into agreements set forth in Memorandum of Understandings ("MOU's"), which allows for employees to choose a health insurance "cash-out" option.

6. Under the applicable MOU's, Plaintiffs and other City employees are receive "cash-out" payments for any unused portion of their medical benefits.

7. Defendant is obligated to follow the terms of the MOU's. (29 C.F.R. §778.102)

8. A significant number of City employees have utilized this "cash out" option to the extent that the "cash out" is not "incidental" to the City's medical coverage plan and therefore not a "bona fide" plan under the United Sates

Department of Labor regulations and interpretive opinions. As a result of not having a "bona fide" plan, City is not allowed to exempt such medical payments under the FLSA for overtime calculations.

9. City has failed to apply the "cash out" payments or medical benefit payments to Plaintiffs' "regular rate" of pay. Pursuant to 29 U.S.C. section 207(e), the "regular rate" must include all remuneration received by an employee unless it is explicitly excluded. The Central District Court in 2013 (affirmed by the Ninth Circuit in 2016) found this form or payment to not be excludable in determining the "regular rate" when calculating overtime payments. This was widely publicized in the public employment sector and Defendant was aware of these decisions.

10. Defendant knew or should have known of their obligation to include the Plaintiffs "cash out" and medical benefits payments in Plaintiffs' regular rate of pay but nevertheless failed to do so. Thus, Defendant failed to pay Plaintiffs for overtime compensation at one and one half times their regular rate of pay.

11. Defendant acted voluntarily and deliberately in maintaining an intentional practice of failing to pay Plaintiffs in accordance with the FLSA.

12. Plaintiffs have no administrative remedies to exhaust, and in this matter are not required to.

## V.
## CLAIM FOR RELIEF

13. As a direct and proximate result of their failure and refusal to pay such compensation, Defendant has violated Title 29 U.S.C. §207, et seq.

14. As a direct and proximate result of Defendant's conduct, Plaintiffs have been damaged in an amount according to proof at trial including, but not limited to, a sum equivalent to the unpaid overtime compensation as required by 29 U.S.C. §216(b) and such other and further damages as may be shown at the time of trial.

15. Plaintiffs are also entitled to liquidated damages in a sum equal to the amount of the unpaid compensation due and owing pursuant to 29 U.S.C. §216(d).

16. Plaintiffs are also entitled to recovery of reasonable attorney fees and costs in pursuit of this action pursuant to 29 U.S.C. §216(b).

17. Doing all things described and alleged, Defendant has deprived, and continues to deprive Plaintiffs of their rights, privileges and immunities which were clearly established at the time the Defendant acted herein and the Defendant knew or should have known that its conduct would violate these rights, privileges and immunities. The Defendant acted with the intent to deprive Plaintiffs of their rights, privileges, and immunities by purposely and intentionally refusing and failing to pay or compensate Plaintiffs for hours they provided.

**WHEREFORE**, Plaintiffs pray for Judgment as follows:

18. All actual, consequential, liquidated and incidental losses and damages, according to proof;

19. Such other damages as may be allowed in accordance with the Federal Rules of Civil Procedure, Rule 54(c), and 29 U.S.C. §216 according to proof at trial;

20. Attorney fees pursuant to 29 U.S.C. §216 and costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure;

21. Any and all other relief, including equitable relief, as the Court may deem just and proper.

Respectfully submitted,

Date: May 23, 2018              **DAMMEIER LAW FIRM**

  __/s/ Dieter C Dammeier_____
Dieter C. Dammeier
Attorneys for Plaintiffs