# Exhibit 1

# Fully Executed
# Settlement Agreement

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS ("**Agreement**") is entered into by and between Plaintiffs Eric Walterscheid, George Fierro, Pedro Yanez, Carlos Molina, Wyatt Reneer, Rick George, Christopher Herrera, Liza Anne Soto, and Kevin Gamble (each, a "**Plaintiff**," and collectively, "**Plaintiffs**") on the one hand, and Defendant City of El Monte ("**Defendant**") on the other hand, with reference to the following facts:

### RECITALS

WHEREAS, each Plaintiff was or is employed by Defendant as a non-exempt employee.

WHEREAS, on May 24, 2018, Plaintiffs Walterscheid and Fierro filed a complaint ("**Complaint**") in the United States District Court for the Central District of California, thereby initiating this action against Defendant, Case Number 5:18-01112-GW-AFM ("**Action**"), for alleged violations of the Fair Labor Standards Act, codified in 29 U.S.C. §§ 201-219 ("**FLSA**").  More particularly, the Complaint alleged that Defendant failed to properly compute each Plaintiff's regular rate of pay and, consequently failed to correctly pay overtime compensation under the FLSA, as interpreted by *Flores v. City of San Gabriel*, 824 F.3d 890 (9th Cir. 2016) ("***Flores***").

WHEREAS, on July 10, 2018, Plaintiffs Walterscheid and Fierro filed an amended complaint ("**First Amended Complaint**"), which recast their claims as a collective action under 29 U.S.C. § 216(b) not only on behalf of Plaintiffs Walterscheid and Fierro, but also on behalf of all other similarly situated persons.

WHEREAS, the First Amended Complaint seeks to recover any overtime compensation earned by, but not paid to, each Plaintiff during a three-year limitations period, plus liquidated damages thereupon, as well as Plaintiffs' attorney fees and costs of suit.

1

WHEREAS, on July 30, 2018, Defendant filed an answer ("**Answer**") to the First Amended Complaint.

WHEREAS, on 2018, Plaintiffs moved for conditional certification of their collective action and facilitated notice of same under 29 U.S.C. § 216(b).

WHEREAS, on September 6, 2018, the Court heard and granted Plaintiffs' motion for conditional certification and facilitated notice.

WHEREAS, on September 14, 2018, the Court entered an Order conditionally certifying a collective action on behalf of an "**FLSA Collective Action Class**" consisting of all current and former FLSA non-exempt employees of Defendant who worked overtime and received cash payments in lieu of health benefits ("**CIL Compensation**") and/or contributions towards the purchase of their healthcare benefits ("**Healthcare Contributions**") at any time during the period commencing September 6, 2015 and ending July 1, 2018. The Order directed that Defendant provide Plaintiffs' counsel with the full names, last-known addresses, and email addresses of all putative members of the FLSA Collective Action Class within ten (10) days after the Order. The Order further directed that Plaintiffs' counsel administer the notification process, and approved a lightly revised version of the form of notice Plaintiffs had proposed ("**Court-Approved Notice**").

WHEREAS, on September 21, 2018, Defendant's counsel provided to Plaintiffs' counsel the list of all 268 putative FLSA Collective Action Class members' full names, last-known addresses, and email addresses.

WHEREAS, on September 24, 2018, Plaintiffs' counsel emailed the Court-Approved Notice to the putative FLSA Collective Action Class members for whom Defendant possessed, and so had provided, email addresses.

WHEREAS, on September 26, 2018, Plaintiffs' counsel mailed a copy of the Court-Approved Notice to each of the putative FLSA Collective Action Class members, including those to whom the Court-Approved Notice had been emailed

2

two days prior.

WHEREAS, per the Court's September 6, 2018 ruling, and as stated in the Court-Approved Notice, each recipient had ninety (90) days from the Court-Approved Notice's postmark date to opt-in to the collective action. Thus, the deadline for potential plaintiffs to opt-in was December 25, 2018.

WHEREAS, of the 268 potential plaintiffs, nine (9), including Plaintiffs Walterscheid and Fierro, opted-in before the deadline.

WHEREAS, on January 17, 2019, Plaintiffs and Defendant participated in a full-day mediation with mediator Ray Kepner, and thereafter engaged in further, extensive settlement negotiations;

WHEREAS, Plaintiffs and Defendant have conducted formal and informal discovery, and have otherwise investigated the facts relating to the claims alleged in the Action, thoroughly studying the authorities, legal doctrine, and principles applicable to the FLSA claims asserted against Defendant; and

WHEREAS, Plaintiffs and Defendant wish to avoid the potential uncertainty, expense, and delay entailed in litigation, and so, based on their extensive negotiations and their respective, considered analyses of the Action, have agreed to a settlement of their claims and defenses against one another.

WHEREAS, each Plaintiff and Defendant understands that the potential recovery at trial remains unknown, and each nevertheless agrees that the terms of this Agreement are consistent with, and within the range of a result Plaintiffs might reasonably expect to obtain after a trial.

WHEREAS, each Plaintiff and Defendant desires to resolve all outstanding issues in the Action, and to that end, enters into this Agreement.

NOW, THEREFORE, Plaintiffs and Defendant agree, warrant, and represent as follows:

3

## TERMS

1.    **Recitals:**    The foregoing Recitals are incorporated into the terms of this Agreement as if set forth fully herein.

2.    **Monetary Consideration:**    Subject to the Court's approval, Defendant shall make the below-described payments to resolve all of the claims Plaintiffs alleged against it in the Action.

    2.1.    Within thirty (30) calendar days after entry of the Court's Order approving the settlement memorialized in this Agreement, Defendant shall do both of the following:

        **2.1.1.** Pay to Plaintiffs the gross amount of $238,582.06, less all required taxes and withholdings corresponding, and issue IRS Forms W-2 and 1099-MISC, as appropriate.  Said gross amount shall be allocated in accordance with "**Exhibit A**" attached hereto.

        **2.1.2.** Pay to Plaintiffs' counsel of record—the Dammeier Law Firm ("**Dammeier Firm**"), whose offices are located at8213 White Oak Avenue, Rancho Cucamonga, California 91730, and Mastagni Holstedt, A.P.C. ("**Mastagni Firm**"), whose offices are located at 1912 "I" Street, Sacramento, California 95811, attorney fees and costs in the total amount of $50,000.00, which sum consist of $44,404.62 in fees and $5,595.38 in costs.  Defendant shall make such payment by mailing to each of Plaintiffs' counsel a check in the amount of Twenty-Five Thousand Dollars $25,000.00 and issuing IRS Forms 1099-MISC reflecting such payments.

    2.2.    Although Defendant disputes it is liable on any of the claims asserted against it in the Action, the payment provided for by this Agreement represents the Parties' arms' length agreement upon the fair and reasonable settlement value of all overtime compensation, liquidated damages and other relief claimed by Plaintiffs in the Action, particularly in light of the potential recovery of

Plaintiffs, the stage of litigation in which settlement was reached and the relative risks of litigation faced by the Parties.  For purposes of this settlement, and for tax purposes only, the Parties agree the amounts paid to Plaintiffs under this Agreement shall be allocated equally to unpaid overtime compensation and liquidated damages.

**2.3.**    Except as provided herein, Plaintiffs and Defendant each shall bear their own attorney fees and costs in connection with the Action.

**3.**    **Court Approval:**

**3.1.**    No later than June 21, 2019, the Parties shall jointly seek the Court's approval of the settlement memorialized in this Agreement.  The Parties shall seek said approval by filing with the Court a Joint Motion for Approval of Settlement, including a Proposed Order approving the settlement terms set forth herein, and dismissing the Action in accordance with Paragraph 4.1.

**3.2.**    If the Court denies the Joint Motion for Approval of Settlement, or if the Court otherwise declines to approve the settlement memorialized herein, then Plaintiffs and Defendant shall resume negotiations and such efforts as may be necessary to address the Court's reasons for withholding approval of the settlement forged by and between Plaintiffs and Defendant.

**3.3.**    This Agreement shall become effective on the date the Court enters an Order approving the settlement memorialized herein, or on the date this Agreement is fully executed by all Plaintiffs, Defendant, and all counsel, whichever is later ("**Effective Date**").

**4.**    **Dismissal:**

**4.1.**    Each Plaintiff shall dismiss with prejudice his or her claims in the Action, and shall withdraw or dismiss with prejudice each and every other complaint, claim, grievance, or charge that he or she has filed against Defendant for

5

alleged FLSA violations related to or arising from the Action,..

5.    **Releases:**

    **5.1.**    Each Plaintiff accepts the settlement memorialized in this Agreement, and understands that by that acceptance, such Plaintiff agrees to a full and complete settlement of all claims and possible claims against Defendant, known or unknown, foreseen or unforeseen, arising out of the matters raised in the Action or related thereto, as of and including the Effective Date (collectively, "**Released Claims**"). Each Plaintiff acknowledges that the full and complete settlement provided for in this Agreement encompasses all claims asserted in the Action for unpaid overtime, liquidated damages, attorney fees, or costs. By executing this Agreement, each Plaintiff on his or own behalf, and on behalf of his or grantees, agents, representatives, heirs, devisees, trustees, assigns, assignors, attorneys, or any other entities in which such Plaintiff has an interest (collectively, "**Releasing Parties**"), agrees to fully, finally, and completely release and forever discharge Defendant and its past and present agents, employees, representatives, officers, directors, attorneys, accountants, insurers, receivers, advisors, consultants, divisions, independent contractors, (collectively, "**Released Parties**") from any and all claims, liabilities, causes of action, charges, complaints, suits, grievances, obligations, costs, losses, damages, rights, judgments, attorney fees, expenses, bonds, bills, penalties, fines, and other legal responsibilities of any form whatsoever, whether known or unknown, for all claims asserted in the Action or related thereto.

    **5.2.**    In exchange for Plaintiffs' releases, Defendant releases any claims it may have against Plaintiffs' for the attorney fees or costs Defendant incurred in defending itself against the Action.

    **5.3.**    Each Plaintiff and Defendant understands and acknowledges that the releases set forth herein do not encompass claims relating to conduct or activity

occurring after the Effective Date.

      **5.4.**    Each Plaintiff and Defendant understands and acknowledges that this Agreement provides for a compromise settlement of disputed claims, and that nothing herein may, under any circumstance, be deemed or construed as an admission of the merits of any claim or defense.

      **5.5.**    Each Plaintiff and Defendant knowingly waives and relinquishes any and all rights he, she, or it has or might have under California Civil Code section 1542, or any other statute(s) or common law principle(s) of similar effect, as to any and all claims arising from or related to the Action on or before the Effective Date. Each Plaintiff and Defendant acknowledges, and so agrees that this is necessary to prevent piecemeal litigation over Defendant's alleged failure to properly compute each employee's regular rate of pay, or its alleged failure to pay all overtime compensation correctly. California Civil Code section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

      **5.6.**    Each Plaintiff acknowledges that he or she may, after execution of this Agreement, discover facts different from, or in addition to, those which he or she now believes to be true with respect to the Released Claims. Nevertheless, on his or her own behalf, and on behalf of the Releasing Parties, each Plaintiff agrees that the releases and waivers set forth herein shall be and remain effective in all respects notwithstanding such different or additional facts or discovery thereof, and that this Agreement contemplates the extinguishment of all such Released Claims.

7

By executing this Agreement, each Plaintiff acknowledges that: (a) he or is represented by counsel—namely, the Dammeier Firm and the Mastagni Firm—with respect to the Action and this Agreement; (b)(i) he or she has read California Civil Code section 1542, (ii) fully understands its effect, and, (iii) by extension, fully understands the effect of any other like statute or principle; and (c) he or she has been specifically advised by the aforementioned counsel of the consequences of this Agreement generally, as well as the particular consequences of each acknowledgement, representation, warranty, release, or waiver it contains.

**5.7.** Each Plaintiff, on his or her own behalf, and on behalf of the Releasing Parties, further agrees, promises, and covenants that none of the Releasing Parties, nor any person, organization, or any other entity acting on their behalf, shall file, charge, claim, sue, participate in, join or cause or permit to be filed, charged or claimed, any action for damages or other relief (whether injunctive, declaratory, monetary, or otherwise) against the Released Parties with respect to any Released Claims that are the subject of this Agreement. Each Plaintiff and Defendant agrees that this Agreement may be pleaded as a full and complete defense to any and all Released Claims and causes of action being released by this Agreement. Each Plaintiff and Defendant further agrees that this Agreement may be used as the basis for an injunction to halt any action, suit or other proceeding based upon the Released Claims.

**6.** **Assignment, Transfer, and Binding Effect:**

**6.1.** Each Plaintiff represents and warrants that: (i) he or she owns the claims released by this Agreement; (ii) no other person or entity has any interest in any claim such Plaintiff asserts or asserted against Defendant in the Action; (iii) he or she has not sold, assigned, conveyed or otherwise transferred any such Released Claim, or any other Released Claim or demand against any of the Released Parties;

8

and (iv) he or she has the sole right to settle and release such claims.

**6.2.**    This Agreement and its provisions shall be binding upon, and shall inure to the benefit of, each Plaintiff and Defendant, as well as their respective spouses, domestic partners, children, heirs, estates, administrators, representatives, executors, attorneys, successors, assigns, agents, and employees, if any.

**7.    Disclosure of Agreement:**

**7.1.**    Each Plaintiff and Defendant acknowledges that Defendant may be required to disclose the existence or terms of this Agreement under the California Public Records Act, codified in California Government Code section 6250 *et seq.*, or under the provisions of other law(s) or regulation(s) requiring public entities to disclose certain information.

**8.    Construction, Governing Law, and Choice of Venue:**

**8.1.**    This Agreement shall be deemed to have been drafted by each Plaintiff, together with Defendant, all cooperating in equal measure.    In any construction of this Agreement, the same shall not be construed against any party hereto on the ground that such party drafted this Agreement.

**8.2.**    Except when the context clearly requires to the contrary: (i) all references in this Agreement to a designated "Paragraph" or to designated "Paragraphs" are to the designated Paragraph(s) of this Agreement; (ii) instances of gender or entity-specific usage (e.g., "his" "her" "its" "person" or "individual") must not be interpreted to preclude the application of any provision of this Agreement to any individual or entity; (iii) the word "or" must not be applied in its exclusive sense; and (iv) the word "including" means "including, without limitation."

**8.3.**    If one or more of the provisions of this Agreement is ruled wholly or partly invalid or unenforceable by a court or other government body of competent jurisdiction, then: (i) the validity and enforceability of all provisions of this Agreement not ruled invalid or unenforceable shall be unaffected; (ii) the effect of

3376034v.1

the ruling shall be limited to the jurisdiction of the court or other government body making the ruling; (iii) the provision(s) held wholly or partly invalid or unenforceable shall be deemed amended, and the court or other government body shall be authorized to reform the provision(s), to the minimum extent necessary to render them valid and enforceable in conformity with the parties' intent as manifested in this Agreement; and (iv) if the ruling or the controlling principle of law or equity leading to the ruling is subsequently overruled, modified, or amended by legislative, judicial, or administrative action, then the provision(s) in question as originally set forth in this Agreement shall be deemed valid and enforceable to the maximum extent permitted by the new controlling principle of law or equity.

**8.4.** This Agreement shall be governed by, and construed in accordance with, the laws of the State of California—without giving effect to the conflict of law principles or rules thereof that would require application of the laws of another jurisdiction—except where, and to the extent, it is necessary to look to federal law, in which case this Agreement shall be governed by, and construed in accordance with, federal law.

**8.5.** Any claim or proceeding arising out of this Agreement shall be venued in the Western Division of the United States District Court for the Central District of California, unless the District Court lacks subject matter jurisdiction, in which case it shall be venued in Los Angeles County Superior Court.

**9.    Modification, and Amendment:**

**9.1.** This Agreement may not be modified, altered, amended, or rescinded in any respect, except by a written agreement executed by each Plaintiff and Defendant.

**9.2.** The failure of any Plaintiff or of Defendant to insist upon compliance with any of the provisions of this Agreement or the waiver of any such provision, in any instance, shall not be construed as a general waiver or

10

relinquishment by such Plaintiff or Defendant of any other provision of this Agreement.

### 10. **Entire Agreement:**

**10.1.** This Agreement constitutes the entire understanding of and between Plaintiffs and Defendant, and supersedes any and all prior agreements, representations, or understandings between Plaintiffs and Defendant, or any of them, whether written, oral, or visual, and whether express or implied, concerning the subject matter of this Agreement. There have been no statements, promises, representations, agreements, arrangements, or understandings, whether written, oral, or otherwise, and whether express or implied, made by any Plaintiff or Defendant, that are or were intended to alter, modify, or complement this Agreement, or that relate to the subject matter of this Agreement that are not fully expressed in this Agreement.

**10.2.** Each Plaintiff and Defendant represents and warrants that, except for the representations and warranties specifically set forth in this Agreement, in executing this Agreement, he, she, or it is not relying, and has not relied, on any representation or statement made by any other Plaintiff or Defendant, or made by anyone acting on behalf of any Plaintiff or Defendant, or on any representation or statement made by another person.

### 11. **Execution:**

**11.1.** Each Plaintiff and Defendant represents and warrants that he, she, or it is fully empowered and authorized to enter into and perform his, her, or its duties under this Agreement, and that any required consents, authorizations, or approvals have been obtained.

**11.2.** This Agreement may be executed in counterparts, each of which may be executed and delivered via electronic mail with the same validity as if it were an ink-signed document, and each of which shall be effective and binding on

11

Plaintiffs and Defendant as of the Effective Date. Each such counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constitute one and the same Agreement.

**PLEASE READ THIS AGREEMENT CAREFULLY AS IT CONTAINS A RELEASE OF CERTAIN CLAIMS, WHETHER KNOWN OR UNKNOWN.**

\* \* \* \* \* \* \* \* \* \*

3376034v.1

IN WITNESS WHEREOF, each Plaintiff has executed this Agreement as of the date written in the designated space adjacent to his or her signature on one of the following signature pages, all of which pages are attached hereto and incorporated herein by this reference.  Similarly, Defendant and each counsel has executed this Agreement as of the date written in the designated space adjacent to his, her, or its below signature.

**CITY OF EL MONTE**

Dated: _6-21-19_     By: _____
                     Name: _Alex Hamilton_
                     Its: _City Manager_

**Approved as to Form and Content:**

**DAMMEIER LAW FIRM**

Dated: _6-20-19_     By: _____
                     Dieter C. Dammeier, Esq.
                     Attorneys for Plaintiffs

**MASTAGNI HOLSTEDT, A.P.C.**

Dated: _6/20/19_     By: _____
                     David E. Mastagni, Esq.
                     Attorneys for Plaintiffs

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

Dated: _6/20/19_     By: _____
                     Dean A. Rocco, Esq.
                     Attorneys for Defendant

13

## INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am a current or former employee of the City of El Monte ("**Defendant**"), and am a Plaintiff in the case styled *Walterscheid et al. v. City of El Monte*, Case Number 5:18-cv-01112-GW-AFM ("**Action**"). I understand and accept each and every term and condition set forth in the foregoing Settlement Agreement and Release of Claims ("**Agreement**").

I understand that my attorneys—the Dammeier Law Firm and Mastagni Holstedt, A.P.C.—have negotiated a settlement with Defendant to resolve my claims in the Action. I understand that Defendant's payment of $25,000.00 in attorney fees and costs to each of the Dammeier Law Firm and Mastagni Holstedt, along with Defendant's payment(s) to me, constitutes a full and complete settlement of all my claims in the Action. I accept the settlement as fair and reasonable.

I understand that Defendant shall pay to me the amount(s) described in the foregoing Agreement, and that such payment encompasses overtime compensation, which is subject to certain taxes and withholdings, and shall be included in my 2018 W-2 as taxable wages, as well as liquidated damages, which will be paid separately and accompanied by an IRS Form 1099.

I acknowledge that Defendant has not made any representations to me about the tax consequences of any payment(s) I receive under the foregoing Agreement. Accordingly, I agree to pay any federal, state, and local taxes applicable to such payment(s), and to hold Defendant harmless from any governmental entity's claims, demands, deficiencies, levies, assessments, executions, judgments, or recoveries against me for monies paid to me under the foregoing Agreement.

Dated: ___06/19/19___        By: _____
                                  (Signature)

                                  _GEORGE FIERRO_
                                  (Print Name)

14

## INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am a current or former employee of the City of El Monte ("**Defendant**"), and am a Plaintiff in the case styled *Walterscheid et al. v. City of El Monte*, Case Number 5:18-cv-01112-GW-AFM ("**Action**").  I understand and accept each and every term and condition set forth in the foregoing Settlement Agreement and Release of Claims ("**Agreement**").

I understand that my attorneys—the Dammeier Law Firm and Mastagni Holstedt, A.P.C.—have negotiated a settlement with Defendant to resolve my claims in the Action.  I understand that Defendant's payment of $25,000.00 in attorney fees and costs to each of the Dammeier Law Firm and Mastagni Holstedt, along with Defendant's payment(s) to me, constitutes a full and complete settlement of all my claims in the Action.  I accept the settlement as fair and reasonable.

I understand that Defendant shall pay to me the amount(s) described in the foregoing Agreement, and that such payment encompasses overtime compensation, which is subject to certain taxes and withholdings, and shall be included in my 2018 W-2 as taxable wages, as well as liquidated damages, which will be paid separately and accompanied by an IRS Form 1099.

I acknowledge that Defendant has not made any representations to me about the tax consequences of any payment(s) I receive under the foregoing Agreement. Accordingly, I agree to pay any federal, state, and local taxes applicable to such payment(s), and to hold Defendant harmless from any governmental entity's claims, demands, deficiencies, levies, assessments, executions, judgments, or recoveries against me for monies paid to me under the foregoing Agreement.

Dated: 6/20/2019    By: *Kevin Gamble*

(Signature)

Kevin Gamble

(Print Name)

14

## INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am a current or former employee of the City of El Monte ("**Defendant**"), and am a Plaintiff in the case styled *Walterscheid et al. v. City of El Monte*, Case Number 5:18-cv-01112-GW-AFM ("**Action**"). I understand and accept each and every term and condition set forth in the foregoing Settlement Agreement and Release of Claims ("**Agreement**").

I understand that my attorneys—the Dammeier Law Firm and Mastagni Holstedt, A.P.C.—have negotiated a settlement with Defendant to resolve my claims in the Action. I understand that Defendant's payment of $25,000.00 in attorney fees and costs to each of the Dammeier Law Firm and Mastagni Holstedt, along with Defendant's payment(s) to me, constitutes a full and complete settlement of all my claims in the Action. I accept the settlement as fair and reasonable.

I understand that Defendant shall pay to me the amount(s) described in the foregoing Agreement, and that such payment encompasses overtime compensation, which is subject to certain taxes and withholdings, and shall be included in my 2018 W-2 as taxable wages, as well as liquidated damages, which will be paid separately and accompanied by an IRS Form 1099.

I acknowledge that Defendant has not made any representations to me about the tax consequences of any payment(s) I receive under the foregoing Agreement. Accordingly, I agree to pay any federal, state, and local taxes applicable to such payment(s), and to hold Defendant harmless from any governmental entity's claims, demands, deficiencies, levies, assessments, executions, judgments, or recoveries against me for monies paid to me under the foregoing Agreement.

Dated: 6/19/19        By: _____
                          (Signature)

                      Rick GEORGE
                          (Print Name)

14

3376034v.1

## INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am a current or former employee of the City of El Monte ("**Defendant**"), and am a Plaintiff in the case styled *Walterscheid et al. v. City of El Monte*, Case Number 5:18-cv-01112-GW-AFM ("**Action**"). I understand and accept each and every term and condition set forth in the foregoing Settlement Agreement and Release of Claims ("**Agreement**").

I understand that my attorneys—the Dammeier Law Firm and Mastagni Holstedt, A.P.C.—have negotiated a settlement with Defendant to resolve my claims in the Action. I understand that Defendant's payment of $25,000.00 in attorney fees and costs to each of the Dammeier Law Firm and Mastagni Holstedt, along with Defendant's payment(s) to me, constitutes a full and complete settlement of all my claims in the Action. I accept the settlement as fair and reasonable.

I understand that Defendant shall pay to me the amount(s) described in the foregoing Agreement, and that such payment encompasses overtime compensation, which is subject to certain taxes and withholdings, and shall be included in my 2018 W-2 as taxable wages, as well as liquidated damages, which will be paid separately and accompanied by an IRS Form 1099.

I acknowledge that Defendant has not made any representations to me about the tax consequences of any payment(s) I receive under the foregoing Agreement. Accordingly, I agree to pay any federal, state, and local taxes applicable to such payment(s), and to hold Defendant harmless from any governmental entity's claims, demands, deficiencies, levies, assessments, executions, judgments, or recoveries against me for monies paid to me under the foregoing Agreement.

Dated: 6/20/19     By: _____
                          (Signature)

*Christopher Herrera*
(Print Name)

14

## INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am a current or former employee of the City of El Monte ("**Defendant**"), and am a Plaintiff in the case styled *Walterscheid et al. v. City of El Monte*, Case Number 5:18-cv-01112-GW-AFM ("**Action**"). I understand and accept each and every term and condition set forth in the foregoing Settlement Agreement and Release of Claims ("**Agreement**").

I understand that my attorneys—the Dammeier Law Firm and Mastagni Holstedt, A.P.C.—have negotiated a settlement with Defendant to resolve my claims in the Action. I understand that Defendant's payment of $25,000.00 in attorney fees and costs to each of the Dammeier Law Firm and Mastagni Holstedt, along with Defendant's payment(s) to me, constitutes a full and complete settlement of all my claims in the Action. I accept the settlement as fair and reasonable.

I understand that Defendant shall pay to me the amount(s) described in the foregoing Agreement, and that such payment encompasses overtime compensation, which is subject to certain taxes and withholdings, and shall be included in my 2018 W-2 as taxable wages, as well as liquidated damages, which will be paid separately and accompanied by an IRS Form 1099.

I acknowledge that Defendant has not made any representations to me about the tax consequences of any payment(s) I receive under the foregoing Agreement. Accordingly, I agree to pay any federal, state, and local taxes applicable to such payment(s), and to hold Defendant harmless from any governmental entity's claims, demands, deficiencies, levies, assessments, executions, judgments, or recoveries against me for monies paid to me under the foregoing Agreement.

Dated: 6/19/19    By: _____
(Signature)

_CARLOS MOLINA_
(Print Name)

14

## INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am a current or former employee of the City of El Monte ("**Defendant**"), and am a Plaintiff in the case styled *Walterscheid et al. v. City of El Monte*, Case Number 5:18-cv-01112-GW-AFM ("**Action**"). I understand and accept each and every term and condition set forth in the foregoing Settlement Agreement and Release of Claims ("**Agreement**").

I understand that my attorneys—the Dammeier Law Firm and Mastagni Holstedt, A.P.C.—have negotiated a settlement with Defendant to resolve my claims in the Action. I understand that Defendant's payment of $25,000.00 in attorney fees and costs to each of the Dammeier Law Firm and Mastagni Holstedt, along with Defendant's payment(s) to me, constitutes a full and complete settlement of all my claims in the Action. I accept the settlement as fair and reasonable.

I understand that Defendant shall pay to me the amount(s) described in the foregoing Agreement, and that such payment encompasses overtime compensation, which is subject to certain taxes and withholdings, and shall be included in my 2018 W-2 as taxable wages, as well as liquidated damages, which will be paid separately and accompanied by an IRS Form 1099.

I acknowledge that Defendant has not made any representations to me about the tax consequences of any payment(s) I receive under the foregoing Agreement. Accordingly, I agree to pay any federal, state, and local taxes applicable to such payment(s), and to hold Defendant harmless from any governmental entity's claims, demands, deficiencies, levies, assessments, executions, judgments, or recoveries against me for monies paid to me under the foregoing Agreement.

Dated: __6/19/2019__        By: _____
                                (Signature)

                            __WYATT RENEER__
                                (Print Name)

14

## INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am a current or former employee of the City of El Monte ("**Defendant**"), and am a Plaintiff in the case styled *Walterscheid et al. v. City of El Monte*, Case Number 5:18-cv-01112-GW-AFM ("**Action**"). I understand and accept each and every term and condition set forth in the foregoing Settlement Agreement and Release of Claims ("**Agreement**").

I understand that my attorneys—the Dammeier Law Firm and Mastagni Holstedt, A.P.C.—have negotiated a settlement with Defendant to resolve my claims in the Action. I understand that Defendant's payment of $25,000.00 in attorney fees and costs to each of the Dammeier Law Firm and Mastagni Holstedt, along with Defendant's payment(s) to me, constitutes a full and complete settlement of all my claims in the Action. I accept the settlement as fair and reasonable.

I understand that Defendant shall pay to me the amount(s) described in the foregoing Agreement, and that such payment encompasses overtime compensation, which is subject to certain taxes and withholdings, and shall be included in my 2018 W-2 as taxable wages, as well as liquidated damages, which will be paid separately and accompanied by an IRS Form 1099.

I acknowledge that Defendant has not made any representations to me about the tax consequences of any payment(s) I receive under the foregoing Agreement. Accordingly, I agree to pay any federal, state, and local taxes applicable to such payment(s), and to hold Defendant harmless from any governmental entity's claims, demands, deficiencies, levies, assessments, executions, judgments, or recoveries against me for monies paid to me under the foregoing Agreement.

Dated: 6/20/19          By: _____
                            (Signature)

                            LIZA A- SOTO
                            (Print Name)

14

## INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am a current or former employee of the City of El Monte ("**Defendant**"), and am a Plaintiff in the case styled *Walterscheid et al. v. City of El Monte*, Case Number 5:18-cv-01112-GW-AFM ("**Action**"). I understand and accept each and every term and condition set forth in the foregoing Settlement Agreement and Release of Claims ("**Agreement**").

I understand that my attorneys—the Dammeier Law Firm and Mastagni Holstedt, A.P.C.—have negotiated a settlement with Defendant to resolve my claims in the Action. I understand that Defendant's payment of $25,000.00 in attorney fees and costs to each of the Dammeier Law Firm and Mastagni Holstedt, along with Defendant's payment(s) to me, constitutes a full and complete settlement of all my claims in the Action. I accept the settlement as fair and reasonable.

I understand that Defendant shall pay to me the amount(s) described in the foregoing Agreement, and that such payment encompasses overtime compensation, which is subject to certain taxes and withholdings, and shall be included in my 2018 W-2 as taxable wages, as well as liquidated damages, which will be paid separately and accompanied by an IRS Form 1099.

I acknowledge that Defendant has not made any representations to me about the tax consequences of any payment(s) I receive under the foregoing Agreement. Accordingly, I agree to pay any federal, state, and local taxes applicable to such payment(s), and to hold Defendant harmless from any governmental entity's claims, demands, deficiencies, levies, assessments, executions, judgments, or recoveries against me for monies paid to me under the foregoing Agreement.

Dated: 6-18-2019          By
                              (Signature)

                              ERIC A. WALTERSCHEID
                              (Print Name)

14

3376034v.1

## INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am a current or former employee of the City of El Monte ("**Defendant**"), and am a Plaintiff in the case styled *Walterscheid et al. v. City of El Monte*, Case Number 5:18-cv-01112-GW-AFM ("**Action**"). I understand and accept each and every term and condition set forth in the foregoing Settlement Agreement and Release of Claims ("**Agreement**").

I understand that my attorneys—the Dammeier Law Firm and Mastagni Holstedt, A.P.C.—have negotiated a settlement with Defendant to resolve my claims in the Action. I understand that Defendant's payment of $25,000.00 in attorney fees and costs to each of the Dammeier Law Firm and Mastagni Holstedt, along with Defendant's payment(s) to me, constitutes a full and complete settlement of all my claims in the Action. I accept the settlement as fair and reasonable.

I understand that Defendant shall pay to me the amount(s) described in the foregoing Agreement, and that such payment encompasses overtime compensation, which is subject to certain taxes and withholdings, and shall be included in my 2018 W-2 as taxable wages, as well as liquidated damages, which will be paid separately and accompanied by an IRS Form 1099.

I acknowledge that Defendant has not made any representations to me about the tax consequences of any payment(s) I receive under the foregoing Agreement. Accordingly, I agree to pay any federal, state, and local taxes applicable to such payment(s), and to hold Defendant harmless from any governmental entity's claims, demands, deficiencies, levies, assessments, executions, judgments, or recoveries against me for monies paid to me under the foregoing Agreement.

Dated: 6/30/19          By: _____
                              (Signature)

                        _____
                        PEDRO YAÑEZ
                        (Print Name)

14

3276034v.1

## EXHIBIT A

| Plaintiff | Gross Payment Amount |
| --- | --- |
| Gamble, Kevin | $1,000.00 |
| George, Rick | $1,000.00 |
| Fierro, George | $40,000.00 |
| Herrera, Christopher | $4,504.78 |
| Molina, Carlos | $23,128.54 |
| Reneer, Wyatt | $15,048.10 |
| Soto, Liza Anne | $2,000.00 |
| Walterscheid, Eric | $118,836.64 |
| Yanez, Pedro | $33,064.00 |
| **Total** | **$238,582.06** |